IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WAYNE DOUGLAS ROBERTS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 109-089 |
| | ) | |
| ALEXIS CHASE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate incarcerated at Mens State Prison in Hardwick, Georgia, filed the above-captioned case pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court **FINDS** that Petitioner has filed a second petition for a writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Petitioner's pending motions be **DENIED** as **MOOT** (doc. nos. 2, 3, 4, 5),[1] that this case be **DISMISSED**, and that this civil action be **CLOSED**.

---

[1] Petitioner's motion to proceed *in forma pauperis*, (doc. no. 5), should be denied as moot because Petitioner has paid the requisite $5.00 filing fee, (see docket entry dated Aug. 6, 2009). The remaining motions should be denied as moot because, as discussed more fully below, this Court is without jurisdiction to consider the petition. See, e.g., Martin v. Florida, No. 08-20940-CIV, 2008 WL 1925262, at *1 (S.D. Fla. Apr. 30, 2008) (denying as moot all pending motions where § 2254 petition dismissed as successive).

## I. BACKGROUND

In his petition, Petitioner seeks to challenge his convictions for armed robbery, aggravated assault, and possession of a firearm during the commission of a crime, which were imposed by the Superior Court of Richmond County in 1998. (Doc. no. 1, p. 4). Petitioner avers that his convictions were affirmed by the Georgia Court of Appeals in 2000. (Id.); see also Roberts v. State, 534 S.E.2d 526, 528 (Ga. Ct. App. 2000). Petitioner then filed a state habeas petition in the Superior Court of Charlton County, and the state habeas court denied him relief in 2001.[2] (Doc. no. 1, pp. 4-5).

As alluded to in footnote 2, Petitioner concedes that he previously filed a federal petition for a writ of habeas corpus in 2003. See Roberts v. Roberts, CV 103-059 (S.D. Ga. Apr. 22, 2003). A Report and Recommendation that recommended the petition be denied on the merits and for procedural default of several claims was entered on November 24, 2004. Id., doc. no. 36. That recommendation was adopted as the opinion of the District Court by the January 14, 2005 Order of the Honorable Dudley H. Bowen, Jr., United States District Judge. Id., doc. no. 42. Petitioner's appeal was dismissed for failure to make a substantial showing of the denial of a constitutional right. Id., doc. no. 56. Petitioner reports that he then filed a second state habeas petition in November 2007 in the Superior Court of Baldwin County, which he states is still pending. (Doc. no. 1, p. 5). The instant petition was

---

[2]Though Petitioner does not report in the instant petition whether he applied for a certificate of probable cause ("CPC") to appeal the state habeas court's decision, a review of the Report and Recommendation issued with respect to Petitioner's previous federal habeas petition (which is discussed more fully below) reveals that Petitioner did file for a CPC, which was denied by the Georgia Supreme Court. See Roberts v. Roberts, CV 103-059, doc. no. 36, p. 2 (S.D. Ga. Nov. 24, 2004).

2

filed on August 5, 2009, and this case is now before the Court for initial screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases.³

## II. DISCUSSION

A.  **Judicial Notice of the Court's Documents**

This Court has the authority to take judicial notice of its own documents. United States v. Rey, 811 F.2d 1453, 1457 n. 5 (11th Cir.1987) ("A court may take judicial notice of its own records and the records of inferior courts."). As described above, within this Court's records are Petitioner's previous application for a federal writ of habeas corpus, Roberts, CV 103-059, the Magistrate Judge's Report and Recommendation that the petition be denied, Judge Bowen's Order adopting the Report and Recommendation as the opinion of the Court, and the Order of the Eleventh Circuit dismissing Petitioner's appeal. Pursuant to the Court's power to take judicial notice of its own records, the Court **FINDS** that Petitioner has filed a prior application for a federal writ of habeas corpus, thereby making the current application his second application with this Court.

B.  **Second and Successive Applications for a Writ of Habeas Corpus**

The relevant portion of 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, states, "Before

---

³Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

a second or successive[4] [habeas corpus] application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).[5] Thus,

---

[4] With limited exceptions that do not apply to this case, a petition for habeas corpus is considered "second or successive" when the petitioner's first petition has already been dismissed on the merits; the second petition is considered "second or successive" even if it is comprised of previously unexhausted claims. Burton v. Stewart, 549 U.S. 147, 154-55 (2007) (*per curiam*) (finding that prisoners filing mixed petitions may proceed with only the exhausted claims, but doing so risks subjecting later petitions that raise new claims to rigorous procedural obstacles). In Petitioner's first federal habeas petition, the Court found that Petitioner had procedurally defaulted several of his claims and that his remaining claims did not entitle him to habeas corpus relief under 28 U.S.C. § 2254. Roberts, CV 103-059, doc. nos. 36, 42. As such, Petitioner's first federal petition for habeas corpus relief was denied on the merits, and the instant petition is therefore deemed a "second or successive" petition.

[5] Section 2244 is applicable to § 2254 applications by virtue of the following provisions of § 2244:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b).

§ 2254 petitioners must "obtain[] authorization in the court of appeals before filing a second or successive [habeas corpus] application . . . ." Guenther v. Holt, 173 F.3d 1328, 1332 (11th Cir. 1999). Without this authorization, the district court correctly dismisses second and successive habeas corpus applications. In re Medina, 109 F.3d 1556, 1564 (11th Cir. 1997) (*per curiam*). Petitioner does not state that he has either sought or been granted permission to file a second or successive § 2254 petition in this Court. Without authorization from the Eleventh Circuit Court of Appeals, this Court cannot consider Petitioner's claims. See id. ("Instead of filing a pleading in the district court attempting to evade the provisions of 28 U.S.C. § 2244(b), as amended, [Petitioner] should have begun by filing in this Court [the Eleventh Circuit Court of Appeals] an application seeking a certificate permitting him to file a second application in the district court, as required by § 2244(b)(3)(A). Because [Petitioner] did not obtain such a certificate, the district court correctly dismissed his habeas application . . . ." Id.).

Petitioner has not stated that he has received permission from the Eleventh Circuit Court of Appeals to file a second or successive application for a writ of habeas corpus. Furthermore, this Court has received no authorization to address such an application from Petitioner. As a result, this Court lacks the authority to address Petitioner's application.

### III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, the Court **FINDS** that Petitioner has filed a second application for a federal writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals. Therefore, the Court **REPORTS** and **RECOMMENDS** that Petitioner's pending motions be **DENIED** as **MOOT** (doc. nos. 2, 3, 4, 5), that this case be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 26th day of August, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE